```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/15/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY PANTALEONI,

      Plaintiff/Counter-Defendant,

  against

ELAINE LANDAU and RICHARD LANDAU,

      Defendants/Counter-Plaintiffs.

No. 19 CIV 11291 (VEC)

CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

      WHEREAS, Defendants/Counter-Plaintiffs Elaine Landau and Richard Landau (the "Defendants") have sought discovery from non-party Bank of America, N.A. in relation to the above-captioned action; and

      WHEREAS this Confidentiality Stipulation (the "Stipulation") is made with the consent and agreement of Plaintiff Anthony Pantaleoni ("Plaintiff"), Defendants, and non-party Bank of America, N.A. This Stipulation includes Bank of America, N.A. and its successors-in-interest and assigns (collectively referred to hereafter as "BANA") and governs the disclosure and protection of BANA's confidential and proprietary business information that is being sought pursuant to Defendants' Third-Party Subpoena served on BANA in the matter pending in the United States District Court for the Southern District of New York, captioned *Anthony Pantaleoni v. Elaine Landau and Richard Landau*, Case No. 19-cv-11291 (VEC) (the "Action"). For convenience purposes, and where appropriate, Plaintiff and Defendants shall be referred to collectively as "Parties" or as a "Party"; and

      WHEREAS this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action;

      NOW to facilitate discovery while preserving and maintaining the confidentiality of certain documents or testimony of BANA that may be sought or used by the Parties in connection with the Action, the Parties and BANA agree as follows, and it is hereby

      ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will comply with the following terms, upon pain of contempt:

1. This Stipulation shall govern the use and dissemination of all information, testimony, documents, or materials that are produced by BANA in this Action and

reasonably designated by BANA and/or a Party as "Confidential Information" or "Confidential Attorney Eyes Only Information" as defined below.

2. The term "Confidential Information," as used in this Stipulation, shall mean: (a) information not in the public domain that reflects BANA's confidential financial, business, or commercial information; (b) matters that constitute or contain BANA's trade secrets pursuant to applicable law; and (c) non-public personal information concerning the Parties or other third-parties sought from BANA, including the non-personal or financial information for a given person, such as name, address, account number, social security number, telephone number, place or position of work, or other identifying information.

3. The term "Confidential Attorney Eyes Only Information," as used in this Stipulation, shall mean information that is not in the public domain and is so proprietary or competitively sensitive to BANA that its disclosure may cause competitive injury. Such information may include, but is not limited to, BANA's highly sensitive financial and trade secret information.

4. Nothing in this Stipulation shall limit a Party's right to use BANA's documents and information that: (a) were lawfully in the Party's possession before the initiation of this Action; (b) were, are, or become public knowledge, not in violation of this Stipulation; or (c) become declassified under the Stipulation.

5. Nothing in this Stipulation shall be construed to impair Plaintiff's right to use in any manner documents produced by BANA that Plaintiff is otherwise entitled to under applicable law or pre-existing agreement between Plaintiff and BANA. As to such documents, Plaintiff retains the ability to waive confidentiality, unilaterally and without notice.

6. A Party shall designate documents deemed to be "Confidential Information" or "Confidential Attorney Eyes Only Information" by affixing on the document or material containing such information, and upon each page if practicable, a legend that in substance states:

    a. "**CONFIDENTIAL**" for "Confidential Information;" and/or

    b. "**CONFIDENTIAL ATTORNEY EYES ONLY**" for "Confidential Attorney Eyes Only Information."

If electronically stored or recorded information or data is produced in native or other form such that it cannot be stamped or imaged with an affixed designation of "Confidential" or "Confidential Attorney Eyes Only," BANA and/or a Party may designate such material as "Confidential" or "Confidential Attorney Eyes Only" by cover letter specifically referring to such material and by labeling that material to the extent possible.

7. Consistent with the terms of this Stipulation, Confidential Information and the contents of Confidential Information used in this Action may be disclosed only to:

   a. The Court and its personnel;

   b. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this Action, but only to the extent reasonably necessary to enable such Expert to render such assistance;

   c. Any deponent or potential deponent, provided that he or she: may be shown copies of such designated material only during the course of preparation for his or her testimony or in the actual course of deposition; may not retain any such designated material; and must be informed of the confidential nature of the materials;

   d. Court reporters and videographers engaged by a Party's counsel of record to transcribe testimony in connection with this Action;

   e. Any outside vendor retained by a Party's counsel who is assisting in the preparation and trial of this Action by making photocopies or providing graphic or technological support (collectively, "Outside Vendor"), including for the collection and production of electronically stored information, but only to the extent necessary to enable the Outside Vendor to render such assistance;

   f. Any mediator, special master or other third parties (collectively, "Mediators") appointed by the Court or retained for settlement purposes or resolution of discovery or other disputes and their staff; and

   g. Any Party, that Party's present or former employees with a reasonable need to know the information to assist with this Action, and that Party's counsel of record and his/her office staff with a reasonable need to know the information to assist with this Action.

8. If a Party wishes to disclose Confidential Information or the contents of Confidential Information to any person not described in Paragraph 6 of this Stipulation, the Party must send a written request by both mail and e-mail to BANA's undersigned counsel, Stephanie Wilson, Reed Smith LLP, 506 Carnegie Center, Suite 300, Princeton, New Jersey, 08540, swilson@reedsmith.com ("BANA's Counsel" or "Counsel for BANA").  Upon Counsel for BANA's receipt of the request, BANA shall have fifteen (15) business days to send its written objection or approval.  Any approval must be provided in writing and signed by BANA or its designee.  If BANA fails to timely object or provide approval to a Party's request, that Party shall be permitted to disclose the information as proposed in its notice.  If BANA objects to the proposed disclosure, such disclosure shall not be made unless the Party files a

motion requesting such disclosure and the Court in which the Action is pending, or an appropriate court, orders disclosure.

9. If a Party wishes to challenge a designation of Confidentiality, counsel for that Party shall make a good faith effort to resolve the dispute, and in the absence of a resolution, that Party make seek resolution by the Court.

10. Consistent with the terms of this Stipulation, material produced and marked as Confidential Attorneys' Eyes Only may be disclosed only to the Parties, their counsel of record in the Action, and such counsels' office staff with a reasonable need to know the information to assist with this Action, or to such other person(s) BANA's Counsel agrees to in writing in advance, or as ordered by the Court.

11. Absent written permission from BANA or a Court Order, the Parties may not file any Confidential Information, Confidential Attorney Eyes Only Information, or information derived from Confidential Information or Confidential Attorney Eyes Only Information in the public record.  If any Confidential Information, Confidential Attorney Eyes Only Information, or information derived from Confidential Information or Confidential Attorney Eyes Only Information is included in any Court filing, such filing shall be marked "CONFIDENTIAL- SUBJECT TO CONFIDENTIALITY STIPULATION" and filed pursuant to the Court's practices related to filing such Confidential Information.

12. Except to the extent expressly authorized in this Stipulation, Confidential Information and Confidential Attorney Eyes Only Information shall not be used or disclosed for any purpose other than in this Action and/or any appeals therefrom, subject to the provisions of this Stipulation.  Use or disclosure of Confidential Information and Confidential Attorney Eyes Only Information in any other litigation or for any other purposes is expressly prohibited.

13. Confidential Information and Confidential Attorney Eyes Only Information shall be stored and maintained by the Parties in a secure manner which is reasonably calculated to ensure that access is limited to the persons authorized under this Stipulation.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) produced by BANA shall be maintained in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. BANA may specify the minimal level of protection expected in the storage and transfer of its information. If a Party who received PII experiences a data breach, it shall immediately notify the BANA of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude BANA from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of a failure to appropriately protect PII from unauthorized disclosure.

14. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information or Confidential Attorney Eyes Only Information shall be

subject to the terms of this Stipulation to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

15. The failure to designate any information as "Confidential" or "Confidential - Attorney Eyes Only" pursuant to this Stipulation shall not constitute a waiver of any otherwise valid claim for protection by BANA or a Party, if such claim is asserted within thirty (30) calendar days of the discovery of such failure by BANA or that Party.  At such time, arrangements shall be made for the return to BANA of all copies of the previously produced documents and/or materials and for the substitution, where appropriate, of properly labeled copies and/or materials.  There shall be no liability for any disclosure of the information by the Parties before notification from BANA that it deems the information Confidential.

16. Before accessing Confidential Information or Confidential Attorney Eyes Only Information, any Expert, deponent or potential deponent, Mediator, translator, contract lawyer, mock juror, Parties who are not signatories to this Stipulation, or other third party to whom Confidential Information may be disclosed pursuant to Paragraph 6 hereof must read a copy of this Stipulation and agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment attached as Exhibit A ("Confidentiality Acknowledgment").

    a. For any Outside Vendor, it shall be sufficient for the manager, supervisor or owner of the Outside Vendor to agree in writing that he/she and all the Outside Vendor's employees and independent contractors are bound by this Stipulation by signing a copy of the Confidentiality Acknowledgment.
    b. Where an individual or an entity is obligated to sign the Confidentiality Acknowledgment, the Party's counsel desiring to disclose Confidential Information to that individual or entity shall: (a) retain the originally executed Confidentiality Acknowledgment; and (b) provide a copy of the originally executed Confidentiality Acknowledgment to BANA's Counsel upon request.

17. Nothing in this Stipulation shall be deemed to restrict in any manner BANA's use of its own information, documents or materials.

18. If the Parties' counsel receive notice of any Subpoena or Court Order commanding production on a particular date of Confidential Information or Confidential Attorney Eyes Only Information that the Parties have obtained under the terms of this Stipulation ("Production Date"), such counsel shall notify BANA's Counsel in writing so that BANA's Counsel receives the notice:

    a. at least four (4) business days before the Production Date if the Party or the Parties receive the Subpoena or Court Order with less than ten (10) business days to comply, or

    b. at least seven (7) business days before the Production Date if the Party or the Parties receive the Subpoena or Court Order with more than ten (10) business days to comply.

To ensure that BANA has a reasonable opportunity to take steps to obtain relief from the Court to protect the information, a Party or Parties shall not produce the Confidential Information and/or Confidential Attorney Eyes Only Information before the Production Date.

19. This Stipulation does not affect BANA's rights to: object to discovery requests on any grounds; redact any information that it deems to be nonresponsive; or redact any information which is otherwise protected from disclosure by any privilege.  Nothing in this Stipulation shall be deemed to be a waiver of BANA's right to oppose production or admissibility of any information or documents on any ground, including without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, as a privileged communication, as work product of its counsel, or as not calculated to lead to the discovery of admissible evidence.  Further, the production subject to this Stipulation of Confidential Information or Confidential Attorney Eyes Only Information shall not be deemed a waiver of any objection to the admissibility of such documents or their contents that may exist under any applicable rules of evidence.

20. Nothing in this Stipulation shall constitute a waiver of BANA's right(s) to object to production of Confidential Information or Confidential Attorney Eyes Only Information.  The production of such documents shall not be deemed a waiver of any objection to production on the grounds that the information is confidential and not subject to disclosure.  The production of any document or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not constitute a waiver of any such privilege or doctrine.

21. Upon receipt from BANA of any document or information which reasonably appears to be protected by BANA's attorney-client privilege, work product doctrine, and/or any other applicable privilege without such privilege having been claimed by BANA (the "Identified Materials"), a Party shall, within fourteen (14) business days, return all copies of the Identified Materials to BANA other than copies containing that Party's attorney's notes or other attorney work product and shall destroy all copies of such documents that contain such notes or other attorney work product.  The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.  A Party, including all persons acting on the Party's behalf, may not use the Identified Materials during any aspect of this Action or any other matter, including in depositions or at trial, unless the documents are later designated by the Court as not privileged or protected.  The contents of the Identified Materials shall not be disclosed to anyone who was unaware of the

contents of them before the document or information was provided.  A Party may move the Court for an Order compelling production of some or all of the Identified Materials returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.  This Stipulation does not constitute a concession by any signatory to this Stipulation that any documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or protection.  This Stipulation also is not intended to waive or limit in any way a signatory to this Stipulation's rights to contest any privilege claims that may be asserted with respect to any of the documents and information produced except to the extent stated herein.

22. Within thirty (30) business days after the conclusion of this Action, including the exhaustion of all appeals, the Parties' counsel shall use his/her best efforts to locate all Confidential Information and Confidential Attorney Eyes Only Information produced in this Action and return it to BANA or shall destroy such information.  The signatories to this Stipulation acknowledge that the electronic nature of the documents produced in this Action makes full and absolute compliance with this provision difficult.  The signatories to this Stipulation further acknowledge that their duty to return or destroy all Confidential Information and Confidential Attorney Eyes Only Information is a continuing duty and the signatories to this Stipulation agree to destroy or return any such information found in the future.  Deposition transcripts and court transcripts that contain or reference Confidential Information and Confidential Attorney Eyes Only Information need not be destroyed, although any deposition exhibits must be destroyed or returned in accordance with this Stipulation.  By this provision, BANA is hereby making a written request to the Parties through their counsel, receipt of which is duly acknowledged by the Parties' counsel, that the Parties or third party receiving Confidential Information or Confidential Attorney Eyes Only Information shall make written certification of having used their best efforts to comply with this provision and shall deliver the same to counsel for BANA within thirty (30) days after the conclusion of this Action, including the exhaustion of all appeals.

23. This Stipulation may be executed in counterparts, and facsimile or electronic signatures shall be deemed as originals for the purposes of executing this Stipulation.

SO STIPULATED AND AGREED.

[*Signature Page Follows*]

ANDERSON KILL P.C.
Attorneys for Defendants/Counter-Plaintiffs

By: Devin W. Ness

Dated: May 14, 2020

JAROSLAWICZ & JAROS PLLC
Attorneys for Plaintiff/Counter-Defendant

By: Michelle Holman

Dated: May 13, 2020

REED SMITH LLP
Attorneys for Non-Party Bank of America, N.A.

By: Stephanie Wilson

Dated: May 14, 2020

Dated: New York, New York.
       May 15, 2020

SO ORDERED.

Hon. Valerie E. Caproni
United States District Judge

<u>Exhibit A</u>

<u>Agreement</u>

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:


_____
(Attorney)

docs-100259177.1